## CROW, Disbarment, In re.

### No. 138. Decided November 25, 1955.

J. Harvey Crow, Cleveland, Reed M. Winegardner, Washington C. H., Stanley Denlinger, Akron, for appellant.

Richard P. Faulkner, Edwin L. English, Russell Holding, Urbana, D. H. Jackman, London, the Committee appellees.

(GRIFFITH and NICHOLS, JJ, of the Seventh District and FESS, J, of the Sixth District sitting by assignment.)

By GRIFFITH, J.

This is a motion suggesting diminution of the record. The transcript is not complete. It embraces only so much of the testimony and court proceedings as was requested by the respondent, J. Harvey Crow, together with a part of the exhibits offered in evidence.

Mr. Crow elected to submit only so much of the bill of exceptions as he deemed necessary for his appeal. It is not certified as a complete transcript but merely as a partial bill of exceptions.

Sec. 2321.14 R. C., provides:

"When justice requires it, upon notice to all parties, an omission in the bill of exceptions occurring through accident or error may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

The latest pronouncement by our Supreme Court on this subject is to be found in Syllabus 1 of the case of **Elser v. Parke, 142 Oh St 261 (Nov. 24, 1943)**, which reads as follows:

"Before an appellate court may remand a bill of exceptions to a trial court for correction upon application made under §11572-a GC, a showing must be made that an omission in such bill occurred through **accident** or **error**."

This holding requires this Court to overrule the motion for an order of diminution of the record. Motion overruled.

NICHOLS and FESS, JJ, concur.